**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1948-24

MONIKA PATEL AND
ALPESH PATEL,

     Plaintiffs-Appellants,

v.

PUBLIC SERVICE
ENTERPRISE GROUP, INC.,[1]

     Defendant-Respondent,

and

NEW JERSEY TURNPIKE
AUTHORITY/GARDEN
STATE PARKWAY, AND
ARYAN A. PATEL,

     Defendants.

_____

Argued March 18, 2026 – Decided June 25, 2026

Before Judges Berdote Byrne and Jablonski.

---

[1] Public Service Electric & Gas Company, a subsidiary of Public Service Enterprise Group Incorporated.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-0832-22.

Anthony M. Juliano argued the cause for appellants (Brach Eichler LLC, attorneys; Anthony M. Juliano, on the briefs).

Alexandra F. Grant argued the cause for respondent (PSEG Services Corporation, attorneys; Alexandra F. Grant, on the brief).

PER CURIAM

Plaintiffs Monika Patel and Alpesh Patel appeal from the Law Division's February 28, 2025, decision granting defendant Public Service Electric and Gas Company's ("PSE&G") summary judgment motion and dismissing their complaint. Because the trial court's factual findings were adequately supported by the record, and the judge correctly applied well-established law under the summary judgment standard, we affirm.

I.

We derive the facts and procedural history from the motion record. In November 2020, plaintiff Monika Patel was injured when she was a passenger in a vehicle that was driven by her son on the Garden State Parkway. The accident occurred when the vehicle contacted a downed utility wire, which caused it to roll onto its side. In a crash investigation report, the police noted that the driver allegedly "did not see [the wire in the road] until the last second."

2

The wire in question, along with related infrastructure, was owned by PSE&G. In discovery, PSE&G employees testified that the cause of the accident was not definitively known, though possible contributing factors such as rain, weather, or wildlife could not be ruled out. Inspection records revealed PSE&G performed visual and thermographic inspections on the equipment in 2018, 2019, and July 2020, with the last inspection having taken place approximately three months before the accident. No issues were noted in the section of the equipment where the accident occurred. PSE&G learned of the downed wire only after being notified by the police that an accident occurred. Plaintiffs retained James Orosz, P.E., an expert who concluded that PSE&G's lack of compliance with certain regulatory standards caused the accident.

Plaintiffs sued PSE&G, New Jersey Turnpike Authority ("NJTA"), and their son, Aryan Patel, seeking compensation for Monika Patel's injuries. NJTA was voluntarily dismissed without prejudice and plaintiffs settled with Aryan Patel. As the sole remaining defendant, PSE&G moved for summary judgment.

PSE&G primarily argued that since it lacked notice of the purported dangerous condition, it could not be liable. Plaintiffs defended those assertions with a host of arguments. In an oral opinion, a Law Division judge granted the application and concluded:

A-1948-24

The issue here is obviously one of notice and either, in fact, . . . [p]laintiff has the burden of proof to show that the conditions as existed are either . . . [d]efendant either knew or should have, or had reasonable [knowledge of the conditions and that they were] there for an unreasonable length of time that [defendant] should have been able to find out this particular issue.

I don't find that the notice aspects have been satisfied. The fact that there was a regulation violation of the administrative code does not create a prior right of action in this case.

This is not a mode of operation case, because [the] . . . hanging down wire does not fall within that category. I think that . . . [p]laintiffs' expert is a net opinion. This is not a res ipsa loquitur case, because the conditions that existed were not in exclusive control of . . . [d]efendant nor does the fact that they bespeak negligence in and of themselves.

Obviously, the driver of the car clearly has an obligation to make reasonable observations, nor is this a common knowledge issue, because apparently this wire fell down in the middle of a storm, in the middle of the night.

        . . . .

Therefore[,] the [c]ourt does not find . . . [p]laintiff can sustain the burden of proof as a matter of law in this matter, and therefore the motion for summary judgment is granted.

A-1948-24

Plaintiffs also alleged spoliation of evidence, arguing PSE&G allowed the NJTA to remove the downed wire and failed to produce inspection documents during discovery. The motion judge disagreed, holding:

> And also the argument . . . with regard to spoliation, there's no record in fact that there was any request at the time of the accident or shortly thereafter that counsel requested that any evidence be preserved pursuant to the rule.

On appeal, plaintiffs contend: (1) they are not required to prove a regulatory violation to establish negligence; (2) they do not need to demonstrate that PSE&G had notice of the dangerous condition; (3) the opinion of plaintiffs' expert is not impermissibly conclusory; (4) expert testimony is not necessary to establish PSE&G's negligence; and (5) PSE&G spoliated evidence and failed to produce relevant documents.

After considering the record in light of plaintiffs' claims, we affirm the motion judge's decision substantially for the reasons set forth in his oral opinion. We add these explanatory comments as to central issue of notice.

## II.

Our review of a trial court's grant of a motion for summary judgment is de novo. Christakos v. Boyadjis, 262 N.J. 447, 467 (2026). We consider "whether the competent evidential materials presented, when viewed in the light

5

most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Statewide Ins. Fund v. Star Ins. Co., 253 N.J. 119, 125 (2023) (internal quotation marks omitted) (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995)).  A motion for summary judgment will be granted if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." Green v. Monmouth Univ., 237 N.J. 516, 529 (2019) (internal quotation marks omitted) (quoting R. 4:46-2(c)).

"'The fundamental elements of a negligence claim are [(1)] a duty of care owed by the defendant to the plaintiff, [(2)] a breach of that duty by the defendant, [(3)] injury to the plaintiff proximately caused by the breach, and [(4)] damages.'"  Coleman v. Martinez, 247 N.J 319, 337 (2021) (quoting Robinson v. Vivirito, 217 N.J. 199, 208 (2014)).  Plaintiffs bear the burden to establish each element.  Ibid. (citing Polzo v. Cnty. of Essex, 196 N.J. 569, 584 (2008)).

To sustain any negligence claim, a plaintiff must establish a defendant had actual or constructive notice of a dangerous condition that caused the accident.

A-1948-24

See Arroyo v. Durling Realty, LLC, 433 N.J. Super. 238, 243 (App. Div. 2013) (holding the absence of actual or constructive notice of a dangerous condition is "fatal" to a plaintiff's liability claims).

We require plaintiffs to "establish the existence of negligence 'by some competent proof,' because '[n]egligence is a fact which must be shown and which will not be presumed.' 'The mere showing of an incident . . . is not alone sufficient to authorize the finding of an incident of negligence.'" Franco v. Farleigh Dickinson Univ., 467 N.J. Super. 8, 25 (App. Div. 2021) (alterations in original) (internal citations omitted) (first quoting Townsend v. Pierre, 221 N.J. 36, 51 (2015); and then quoting Long v. Landy, 35 N.J. 44, 54 (1961)). We agree with the motion judge that plaintiffs failed to establish PSE&G had either actual or constructive notice of the purported dangerous condition for any period of time to trigger PSE&G's liability.

Actual notice can be found when an owner or one of their employees "actually" knew of the hazardous condition." Model Jury Charges (Civil), 5.20F(8), "Duty Owed-Condition of Premises," (rev. Nov. 2022). Plaintiffs offer no credible evidence to demonstrate PSE&G actually knew of the downed wire before the accident occurred. As the PSE&G employee noted during his

deposition, the company became aware of the downed wire only after the company was contacted by the police department.

Similarly, proof of constructive notice is similarly lacking to establish a prima facie case of negligence. A "defendant has constructive notice when the condition existed for such a length of time as reasonably to have rested in knowledge and correction had the defendant been reasonably diligent. Jeter v. Sam's Club, 250 N.J. 240, 251 (2022) (internal quotation marks omitted) (quoting Troupe v. Burlington Coat Factors Warehouse Corp., 443 N.J Super. 596, 602 (App. Div. 2016)). Stated differently, defendant has constructive notice of a condition when it "existed for such a period of time that [defendants] in the exercise of reasonable care should have discovered its existence." Model Jury Charges (Civil) 5.20F(8).

We may infer constructive notice from "eyewitness testimony[,] or from '[t]he characteristics of the dangerous condition,' which may indicate how long the condition lasted." Jeter, 250 N.J. at 251-52 (second alteration in original) (quoting Troupe, 443 N.J. at 602). However, "[t]he mere '[e]xistence of an alleged dangerous condition is not constructive notice of it.'" Id. at 252 (alterations in original) (quoting Arroyo, 433 N.J. Super. at 243). Plaintiffs cannot identify any evidence to show that the electrical wire was down on the

8

highway for any period of time for PSE&G to have discovered and eliminated it before the accident occurred. Further, PSE&G's inspection reports lack any indicia of deterioration or decay that would have placed PSE&G on notice of any issues with the equipment.

Finally, we are not persuaded with plaintiffs' remaining argument that this is a mode-of-operation case where notice, either actual or constructive, is not necessary because defendant created the dangerous condition.

The mode-of-operation is a judicially-created rule that alters a plaintiff invitee's burden of proof in certain premises liability negligence actions. Ibid. Informed by equitable considerations, our Supreme Court concluded it is "appropriate to relieve a plaintiff of the burden of proving actual or constructive notice of a dangerous condition 'in circumstances in which, as a matter of probability, a dangerous condition is likely to occur as the result of the nature of the business, the property's condition, or a demonstrable pattern of conduct or incidents'" Ibid. (quoting Nisivoccia v. Glass Gardens, Inc., 175 N.J. 559, 563 (2003)). The mode-of-operations rule "gives rise to a rebuttable inference that the defendant is negligent, and obviates the need for the plaintiff to prove actual or constructive notice." Ibid. (internal quotation marks omitted) (quoting Prioleau v. Ky. Fried Chicken, Inc., 233 N.J. 245, 258 (2015)). It represents a

A-1948-24

"very limited exception to the traditional rules of . . . liability." Id. at 257 (quoting Carroll v. New Jersey Transit, 366 N.J. Super. 380, 389 (App. Div. 2004)).

For the mode-of-operation rule to apply, a plaintiff must establish "(1) the defendant's business was being operated as a self-service operation; (2) the plaintiff's accident occurred in an area affected by the business' self-service operations; and (3) there is a reasonable factual nexus between the defendant's self-service activity and the dangerous condition allegedly producing the plaintiff's injury . . . ." Model Jury Charges (Civil), 5.20F(11).

Once a plaintiff establishes these three elements, the burden shifts to the defendant to provide evidence they acted with reasonable care. Ibid. The rule is "'a special application of foreseeability principles in recognition of extraordinary risks that arise when a defendant chooses a customer self-service business model' and thus 'permits its customers to handle products and equipment, unsupervised by employees.'" Jeter, 250 N.J. at 255 (quoting Prioleau, 223 N.J. at 262).

We conclude that the mode-of-operation rule does not apply to the facts of this case, and plaintiff cannot rely on this principle to bypass the notice requirement. PSE&G is a utility company that supplies electricity and gas

throughout New Jersey. It does not meet the requisite definition of a "self-service operation." Our jurisprudence has limited the applicability of this rule to businesses where customers independently handle merchandise without employee assistance, or where customers directly interact with product displays, shelving, packaging, or other aspects of the facility that may present a risk. See Prioleau, 223 N.J. at 262. In this case, plaintiff's automobile accident resulted from contact with a downed electrical wire on the highway and did not arise from any self-service aspect of PSE&G's operations. There is no connection between the company's business model and the specific hazard at issue, other than the fact that it involved an electrical wire.

The trial court correctly determined PSE&G could not have breached its duty to plaintiffs because it had neither actual nor constructive notice of the downed wire that purportedly caused the accident.

To the extent we have not addressed a particular remaining argument, it is because our disposition makes it unnecessary, or the argument was without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division

11

A-1948-24